UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARY JOYCE ANDREWS,
AS TRUSTEE OF THE CHARLES
AND MARY ANDREWS
REVOCABLE TRUST,

    Plaintiff,

v.                                                  Case No. 5:24-cv-210-AW-MJF

RICHARD GLEASON, *et al.*,

    Defendants.
_____/

## ORDER

Because federal courts are courts of limited jurisdiction, a federal court cannot consider the merits of a case unless and until it is assured that the law authorizes the court to exercise subject-matter jurisdiction. *Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013). Federal courts are required "to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001).

A defendant may remove a civil case from state court provided the case could have been brought in federal court. *See* 28 U.S.C. § 1441(a). As relevant here, federal courts have original jurisdiction if the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship among the parties. 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). In order to have complete diversity, every plaintiff must be diverse from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

For purposes of diversity jurisdiction, "a natural person is a citizen of the state in which he is 'domiciled.'" *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021); *see McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002) (noting that for purposes of diversity "citizenship is equivalent to 'domicile.'"). Domicile requires both residence in a state and "an intention to remain there indefinitely." *McCormick*, 293 F.3d at 1258 (internal quotation marks omitted). While "residency is necessary," it alone is insufficient "to establish a citizenship in a state." *Smith*, 991 F.3d at 1149. In other words, it is possible for someone to reside in one place but be domiciled in another. *See Miss.*

*Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Thus, the party bearing the burden of establishing jurisdiction must show both "residency in a state and an intent to remain in that state." *Smith*, 991 F.3d at 1149.

A "traditional trust" that creates fiduciary relationships for purposes of estate planning holds the citizenship of its trustee. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016); *see also Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 730 (2d Cir. 2017) ("[F]or . . . traditional trusts, it is the citizenship of the trustees holding the legal right to sue on behalf of the trusts, not that of beneficiaries, that is relevant to jurisdiction."). Other types of "trusts, however, can be more complicated. *Americold Realty Tr.*, 577 U.S. at 383. Thus, when a trust is a party to a civil action, it is necessary to determine the type of the trust.

**Plaintiff's Citizenship:** Defendant Richard Gleason does not allege the citizenship of the Charles and Mary Andrews Revocable Trust, nor does he allege the State under whose law this trust was formed or the type of the trust.

**The Citizenship of Cross-Claimants Enrique Velasquez and Marcell Valle Gazga:** Defendant Richard Gleason does not allege the citizenship of cross-claimants Enrique Velasquez and Marcell Valle Gazga. Gleason merely alleges that "upon information and belief" Velasquez and Gazga "are citizens of a state other than Florida." That is insufficient for the District Court to determine whether it possesses subject-matter jurisdiction. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1226, 1228 (11th Cir. 2017).

Accordingly, it is **ORDERED, on or before November 13, 2024**:

1.  Counsel for Plaintiff Martha Joyce Andrews shall file a "Notice Regarding Subject-Matter Jurisdiction" which states:

    a.  the names of each trustee of the Charles and Mary Andrews Revocable Trust;

    b.  the State(s) of domicile of each trustee of the Charles and Mary Andrews Revocable Trust;

    c.  the State in which the trust was formed;

    d.  under which State's laws the trust was formed;

    e.  whether under the State law of its creation the Charles and Mary Andrews Revocable Trust is a distinct legal entity

or instead is a traditional common law trust which creates fiduciary relationships for purposes of estate planning; and

    f.    any other information that might assist this court in determining whether the District Court possesses subject-matter jurisdiction.

2. Counsel for Enrique Velasquez and Marcell Valle Gazga shall file a "Notice Regarding Subject-Matter Jurisdiction" which states:

    a.    the State of domicile of Enrique Velasquez;

    b.    the State of domicile of Marcell Valle Gazga; and

    c.    any other information that might assist this court in determining whether the District Court possesses subject-matter jurisdiction.

**SO ORDERED** this <u>6th</u> day of November 2024.

                                /s/ *Michael J. Frank*
                                **Michael J. Frank**
                                **United States Magistrate Judge**