UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARTHA JOYCE ANDREWS,
AS TRUSTEE OF THE CHARLES
AND MARY ANDREWS
REVOCABLE TRUST,

    Plaintiff,

v.                                Case No.  5:24-cv-210-AW-MJF

RICHARD GLEASON, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Defendant Richard Gleason filed a notice of removal purporting to remove a mortgage foreclosure action from the Bay County Circuit Court. Doc. 1. Plaintiff moves to remand for lack of subject-matter jurisdiction and because the removal was untimely. Doc. 14. Because the District Court lacks jurisdiction, the District Court should remand this case to the Bay County Circuit Court.

## I. BACKGROUND[1]

### A. <u>The Proceedings in State Court</u>

On June 23, 2021, Plaintiff filed a Verified Foreclosure Complaint in Bay County Circuit Court Case No. 21-CA-000797. Doc. 14-1, Ex. A. On November 8, 2022, the state court entered a final judgment of foreclosure. Doc. 14-2, Ex. B. The time for appeal lapsed, and no appeal was filed. Doc. 14 ¶ 3.

Gleason delayed the foreclosure sale of the mortgaged property for 15 months by filing last-minute notices of bankruptcy in three separate federal jurisdictions, and an "emergency" motion to stay in the underlying foreclosure action. Doc. 14 ¶¶ 4-5; *see also* Doc. 14-3, Ex. C.

Ultimately, the property was sold at auction on March 6, 2024. Doc. 14 ¶ 6. On March 7, 2024, the state-court clerk issued a certificate of

---

[1] The facts set forth below are drawn from the state-court records filed by Plaintiff in her motion to remand. *See* Doc. 14. Gleason, as the removing party, was required by the removal statute, a Local Rule and subsequent court orders, to file a copy of each paper filed or served upon him in the state-court action. *See* 28 U.S.C. §§ 1446(a), 1447(b); N.D. Fla. Loc. R. 7.2(A); *see also* Docs. 4, 5. Gleason has ignored this procedural requirement and has ignored two court orders requiring him to comply with the requirement.

disbursements of proceeds from the sale of the property. Doc. 14-4, Ex. D. Plaintiff was paid $102,195.18. *Id.* A surplus of $77,904.82 remained in the state-court registry. *Id.*

On March 12, 2024, Plaintiff moved for disbursement of surplus funds to cover additional costs and attorney's fees caused by Gleason's improper delay of the foreclosure sale. Doc. 14 ¶ 7. On March 19, 2024, the state court granted Plaintiff's motion. Doc. 14-5, Ex. E.

On March 25, 2024, Defendants Alberto Velazquez and Marcela Gazga—who had leased the property from Gleason—filed what the state court described as a "cross-claim/motion to disburse pursuant to F.S. 45.032(3)" which they amended on July 2, 2024. Doc. 14-6, Ex. F. Gleason objected and claimed that he was entitled to the surplus funds.

On September 10, 2024, Gleason filed his notice of removal. Doc. 1.

On October 22, 2024, the state court entered an order noting that it had "conducted a zoom hearing" at which Velazquez and Gazga appeared, but Gleason did not appear. Doc. 14-8, Ex. H. The state court denied Velazquez and Gazga's cross-claims and ordered that all remaining surplus funds less any clerk's fees be disbursed to Gleason. *Id.*

## B.    Gleason's Notice of Removal

Gleason's notice of removal is captioned for the underlying state-court action. Doc. 1 at 1. The notice states that Gleason is removing the "above-entitled action." *Id.* The only document that Gleason attached to his notice of removal was a copy of Gleason's "emergency" motion to stay filed in state court on March 4, 2024, wherein Gleason sought to stay the foreclosure sale that ultimately occurred on March 6, 2024. *See* Doc. 1-1; *see also* Doc. 15 ¶ 5 & Ex. C.

As grounds for removal, Gleason alleges that the state court "lacks the impartiality required under federal and state constitutional standards due to judicial bias, and that the case presents substantial federal questions necessitating its removal." Doc. 1 at 1. Gleason also makes a conclusory allegation that "complete diversity exists between the Parties." *Id.* at 2 ¶ 2. Gleason includes no allegation whatsoever of Plaintiff's citizenship.[2] Gleason alleges merely that he is a citizen of

---

[2] In response to a court order, Plaintiff clarified that each trustee of the Charles and Mary Andrews Revocable Trust is domiciled in the State of Kentucky. Doc. 9. The trust was formed in the State of Florida under the laws of the State of Florida, and is "believed to be [a] distinct legal entity." *Id.* at 3.

Florida and that Defendant-Cross-Claimants Velazquez and Gazga "are citizens of a state other than Florida." *Id*. Gleason, however, does not specify Velazquez's or Gazga's domicile. *Id*.[3] Gleason then makes a conclusory allegation that the amount in controversy exceeds $75,000, but he provides no facts or documentation to support this allegation. *Id*.

Gleason asserts that his notice of removal is timely, because he "received the adverse judicial rulings that prompted this removal within the past 30 days, thus complying with the procedural requirements for timely removal" under 28 U.S.C. § 1446(b). Doc. 1 at 3 ¶ 1. Gleason does not specify what "adverse judicial rulings" he is talking about, nor does he attach a copy of any order or "ruling."

More than three months have passed since Gleason filed his notice of removal. To date, Gleason has: (1) not provided this court with a single pleading, order, or other paper served upon him in the state-court action; (2) ignored the undersigned's order requiring him to correct this

---

[3] Velazquez and Gazga are, and have been domiciled in Florida at all relevant times. They leased the mortgaged property from Gleason and have lived there since 2019. *See* Doc. 10 at 1; Doc. 14-7, Ex. G at 2; Doc. 14-8, Ex. H at 3.

deficiency, Doc. 4; and (3) ignored the undersigned's show-cause order requiring him to explain and remedy his failure to comply with the removal statute, the Local Rules, and the undersigned's order. Doc. 5.

Gleason also ignored the undersigned's order, Doc. 7, requiring him to appear in person at a hearing on November 20, 2024, to (1) explain and show cause for his failure to comply with the removal statute, the Local Rules, and court orders; (2) show cause why this court should not sanction Gleason for his misconduct; and (3) establish this court's subject-matter jurisdiction. *See* Doc. 13.

Plaintiff's counsel, in contrast, obtained admission to the District's bar on short notice to appear at the November 20 hearing, and has filed copies of relevant pleadings and orders from the state-court action. *See* Doc. 13; Doc. 14-1, Ex. A; Doc. 14-8, Ex. H. Defendants Velazquez and Gazga's counsel also appeared at the hearing. Doc. 13.

## II. DISCUSSION

### A. Plaintiff's Motion to Remand

On November 26, 2024, Plaintiff moved to remand this action. Doc. 14. Plaintiff also seeks an award of attorney's fees and costs. Doc. 14 at

13-15. Gleason has not responded to Plaintiff's motion despite being afforded the opportunity to do so. *See* Doc. 15 (imposing a deadline of December 18, 2024).

## B. <u>The Removal Statue</u>

In this case, removal to federal court is governed by 28 U.S.C. § 1441. Section 1441 states that "any civil *action* brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action *is pending*." 28 U.S.C. 1441(a) (emphasis added). The removal statute must be strictly construed and, if jurisdiction is doubtful, the case should be remanded to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (the removal statute is construed narrowly, and when the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand).

In addition to requiring proper federal jurisdiction, the removal statute imposes several procedural requirements. Section 1446 requires

the defendant's notice of removal to include "a copy of all process, pleadings, and orders served upon such defendant" in the state-court action. 28 U.S.C. § 1446(a). In addition, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. 1446(b)(2)(A). Furthermore, a civil action that is removed solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Another procedural requirement is timeliness. *See Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010) (untimeliness "is a procedural defect—not a jurisdictional one"). Section 1446(b) requires that the notice of removal be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading. . . ." 28 U.S.C. § 1446(b)(1). For removals based on diversity of citizenship, "[a] case may not be removed . . . more than 1 year after commencement of the action." 28 U.S.C. § 1446(c)(1).

C. **Removal Is Improper and Ineffective to Vest The District Court with Jurisdiction**

Section 1441 allows for the removal only of a "civil *action*" to the federal district court for the district "embracing the place where such action *is pending*." 28 U.S.C. 1441(a) (emphasis added). Removability is determined "according to the plaintiff's pleading *at the time of the petition for removal*." *Garbutt v. Southern Clays, Inc.*, 844 F. Supp. 1551, 1552 (M.D. Ga. 1994) (emphasis added); *Lake County v. NRG/Recovery Grp., Inc.*, 144 F. Supp. 2d 1316, 1319 (M.D. Fla. 2001) ("[T]he time of removal is the critical jurisdictional juncture." (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938))).

At the time Gleason attempted to remove the foreclosure action and final judgment, there was no state-court action pending to remove. The state court's judgment of foreclosure was a final state court judgment, because the appeal period had passed. *See* 28 U.S.C. § 1257(a) (defining a final state court judgment as one "rendered by the highest court of a State in which a decision could be had"); *see also Market St. Ry. Co., v. R.R. Comm'n of Cal.*, 324 U.S. 548, 551 (1945) (a state judgment is final (1) if it is an effective determination of litigation in that it is not an interlocutory or intermediate judgment and (2) when it is subject to no

further review or correction in any other state tribunal).

The Eleventh Circuit has, in limited circumstances, approved the removal of a case in which a final judgment had been entered by the state trial court. These cases are distinguishable, however, because *the time to appeal to the state appellate court had not lapsed. See In re Savers Fed. Sav. & Loan Ass'n*, 872 F.2d 963, 965-66 (11th Cir. 1989) (allowing post-judgment removal of case under special removal statute applicable to Federal Savings and Loan Insurance Corporation, where removal occurred before appeal period had lapsed); *Jackson v. Am. Sav. Mortg. Corp.*, 924 F.2d 195 (11th Cir. 1991) (allowing removal of case in which state-court appeal and notice of removal were filed on the same day); *Ware v. FleetBoston Fin. Corp.*, 180 F. App'x 59, 61 (11th Cir. 2006); *Resolution Trust Corp. v. Bakker*, 51 F.3d 242, 244-46 (11th Cir. 1995) (allowing removal while state-court appeal was pending); *Bakery Centre Assoc. v. Orientations Gallery, Inc.*, 54 F.3d 688 (11th Cir. 1995) (same).

The Eleventh Circuit has not extended that precedent to the circumstance presented here—a notice of removal filed *after a final foreclosure judgment has been rendered in the state court and the appeal*

*period has lapsed.* In fact, in *Jackson* the Eleventh Circuit recognized that "where a party's opportunities for relief from the state court judgment are exhausted, either because the time for relief by motion or appeal has run, leave to appeal has been denied, or the state's highest court has rendered a judgment[,] . . . *removal itself may be improper.*" *Jackson*, 924 F.2d at 198 n.8 (emphasis added).

In *Aurora Loan Services*, a defendant filed a notice of removal of a state-court foreclosure action long after the foreclosure judgment had become final. *Aurora Loan Servs., LLC v. Allen*, 762 F. App'x 625, 627 (11th Cir. 2019). The defendant argued that the foreclosure action was removable because the plaintiff had filed a post-judgment motion under Fla. Stat. § 45.031 for issuance of a certificate of title in accordance with the final judgment and foreclosure sale.

The Eleventh Circuit held that the attempted removal of the state-court foreclosure action and final judgment was ineffective to vest jurisdiction in the district court because the notice was filed after the final foreclosure judgment was rendered and affirmed on appeal, and the time for seeking further direct review in the state supreme court had

expired. *Aurora Loan Servs.*, 762 F. App'x at 627; *see also id.* at 628 ("[I]nsofar as [the defendant] attempted to remove the foreclosure action and final judgment, there was no state-court action pending at the time to remove, inasmuch as nothing remained for the state courts to do but execute the judgment.") (citing *Oviedo v. Hallbauer*, 655 F.3d 419, 425 (5th Cir. 2011) ("[N]o case remains pending in the state court to 'remove' once the case is final for purposes of direct review in the state court system.")).

The *Aurora* Court found persuasive the reasoning of several other circuits which held that "removal is improper and ineffective to vest jurisdiction in the district court after a truly final state judgment." *Aurora Loan Servs.*, 762 F. App'x at 628; *see Oviedo*, 655 F.3d at 423-24 ("Removal is simply not possible after a final judgment and the time for direct appellate review has run."); *Ohio v. Doe*, 433 F.3d 502, 507 (6th Cir. 2006) ("We agree with the reasoning of our sister circuits in ruling that when all that remains of an action is the enforcement of a judgment, removal to federal court is not authorized."); *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988) ("[I]t would be a

perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation."); *Ristuccia v. Adams*, 406 F.2d 1257, 1258 (9th Cir. 1969) ("It would seem obvious that to remove an action to the federal courts from a state court, it must first be pending in the state court.").

Here, at the time Gleason filed his notice of removal of the foreclosure action, there was no foreclosure action pending inasmuch as nothing remained for the state courts to do but disburse surplus funds from the foreclosure sale. Because Gleason's removal was improper and ineffective to vest the District Court with jurisdiction, this case must be remanded to the state court.

**D.    Plaintiff Is Entitled to Attorney's Fees from Gleason**

Plaintiff seeks an award of attorney fees from Gleason. Doc. 14 at 13-15. Plaintiff asserts that Gleason had no objectively reasonable basis for removal, and that the improper removal required her to incur additional attorney's fees and costs.

Section 1447 provides that an order remanding a removed case "may require payment of just costs and any actual expenses, including

attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has established a standard to guide district courts in deciding whether to award fees when remanding a case to state court because of improper removal. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141.

"The reasonableness standard was ultimately the result of balancing 'the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.'" *Bauknight v. Monroe Cnty., Florida*, 446 F.3d 1327, 1329 (11th Cir. 2006) (footnote omitted) (quoting *Martin*, 546 U.S. at 140).

Gleason had no objectively reasonable basis to remove the foreclosure action. The foreclosure action had reached final judgment *almost two years* prior to removal.

Even if Gleason intended to remove only the post-judgment filings—which had no bearing on the finality of the underlying judgment—the filings could not be removed on their own because they did not create an independent "action" subject to removal. The removal statute clearly allows for removal of only a civil "action." 28 U.S.C. § 1441(a); *Jackson-Platts v. Gen. Elec. Cap. Corp.*, 727 F.3d 1127, 1134 (11th Cir. 2013) ("The federal courts have generally construed the phrase ['civil action'] to require a suit separate from, and not ancillary to, a suit in state court."); *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 724 (7th Cir. 2012) ("The statute has long been interpreted to allow removal only of 'independent suits' but not ancillary or 'supplementary' proceedings."); *Ohio*, 433 F.3d at 506 ("'[C]ivil action' has long been interpreted to require a separate suit that is not ancillary, incidental, or auxiliary to a suit in state court."); *Armistead v. C & M Transp., Inc.*, 49 F.3d 43, 46 (1st Cir. 1995) ("[T]he supplementary superior court proceeding does not independently qualify as a removable 'civil action'. . . .").

"Whether litigation is properly characterized as an independent civil action 'under § 1441 is essentially a matter of federal law.'" *Jackson*,

727 F.3d at 1134 (footnote omitted) (quoting *Butler v. Polk*, 592 F.2d 1293, 1296 n.7 (5th Cir. 1979)). "Under [Eleventh Circuit] settled precedent, actions are not ancillary and are instead independent civil actions when they are 'in effect suits involving a new party litigating the existence of a new liability.'" *Jackson*, 727 F.3d at 1134 (quoting *Butler*, 592 F.2d at 1296).

Here, the post-judgment claims between Defendants for surplus funds from the foreclosure sale involve the same parties as the underlying foreclosure action (Defendants Gleason, Velazquez and Gazga). The post-judgment claims to the surplus funds are part and parcel of the foreclosure action. The claims are not an independent civil action subject to removal. *See, e.g., Aurora Loan Servs., LLC v. Allen*, No. 16-61085-CIV-LENARD/GOODMAN, 2020 WL 3422412, at *4-*7 (S.D. Fla. Feb. 19, 2020) (party's post-judgment motion filed in state-court foreclosure action seeking issuance of certificate of title to property after all state-court appellate remedies for setting aside foreclosure sale had been exhausted—was not an independent "civil action" subject to removal).

Gleason not only filed a notice of removal with no objectively reasonable basis for it, but he also refused to comply with statutes and court rules requiring him to provide this District Court with copies of all process, pleadings, orders and other papers served upon him in the state-court action. *See* 28 U.S.C. § 1446(a); N.D. Fla. Loc. R. 7.2(A). Gleason then ignored the undersigned's order to correct this deficiency, and a subsequent show-cause order regarding same. *See* Docs. 4, 5.

To compound the mess he had created, Gleason then ignored the undersigned's order to appear personally in court on November 20, 2024, to (1) "explain and show cause, if any, for his failure to comply with the Local Rules and this court's orders;" (2) "show cause, if any, why this court should not sanction Gleason for his failure to comply with the Local Rules and this court's orders;" and (3) "discuss the status of the case and subject-matter jurisdiction." Doc. 7. Gleason failed to appear despite the undersigned explicitly warning him that failure to attend the hearing may result in sanctions. *Id*. at 3.

Gleason's pattern of willful misconduct, his disregard for court orders, and his refusal to engage in the removal process *he initiated*

wasted judicial resources and caused Plaintiff to have to re-engage in litigation she had completed several months ago. Plaintiff was forced to incur additional attorney's fees and costs associated with (1) addressing Gleason's notice of removal; (2) responding to the undersigned's order of November 6, 2024 requiring her to disclose facts to assist the court in assessing jurisdiction, Doc. 6; (3) appearing through counsel at the hearing on November 20, 2024; (4) preparing the motion to remand; and (5) filing copies of necessary pleadings, orders and other papers from the state-court action. Justice warrants an award of attorney's fees and costs to Plaintiff. *See Martin*, 546 U.S. at 140 ("Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff."); *Lost Mountain Homeowners Ass'n, Inc. v. Rice*, 248 F. App'x 114, 116 (11th Cir. 2007) (awarding attorney's fees where defendant failed to demonstrate an objectively reasonable basis for removal); *Taylor v. Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 894-95 (11th Cir. 2011) (same).

Plaintiff's counsel shall promptly submit an affidavit specifying: (1)

the time counsel spent related to the removal: (2) counsel's hourly rate; and (3) any costs associated with Gleason's improper removal.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully recommends that:

1. This action be **REMANDED** to the Fourteenth Judicial Circuit Court for Bay County, Florida, Case No. 21-CA-000797, for lack of jurisdiction.

2. Plaintiff's motion to remand, Doc. 14, be:

    a. **GRANTED** to the extent that this case is being remanded for lack of jurisdiction, and to the extent Plaintiff seeks attorney's fees and costs; **AND**

    b. **DENIED** in all other respects.

3. The District Court award Plaintiff attorney's fees and costs against Defendant Gleason in an appropriate amount upon Plaintiff's counsel's submission of an affidavit specifying same.

4. The clerk of court be directed to:

    a. mail a certified copy of the order of remand to the clerk

of the Fourteenth Judicial Circuit Court for Bay County, Florida for filing in Case No. 21-CA-000797;

    b.    enter a cost judgment in Plaintiff's favor and against Defendant Richard Gleason in the amount of Plaintiff's costs and expenses (including attorney's fees) incurred as a result of the removal; and

    c.    close this case file.

**SO ORDERED** this 23rd day of December 2024.

                      /s/ *Michael J. Frank*
                      **Michael J. Frank**
                      **United States Magistrate Judge**